DAVID SACK
470 West End Avenue
#4-F
New York, New York 10024
(347) 226-5414
dsack@fedkas.com

FILED/REC'D

2026 JUL 13 A 10 41

U.S. DISTRICT COURT
WD OF WI

July 10, 2026

Honorable William M. Conley
United States District Judge
Western District of Wisconsin
120 North Henry Street
Madison, Wisconsin 53703

       Re:    **Todd v. Ashley Furniture Industries, LLC**
              **Civil Action No.:  24-cv-00615**

Dear Judge Conley:

I am a member of the proposed settlement class of plaintiffs in the above-captioned action, and write to respectfully object to the proposed settlement.

Principally, and contrary to Plaintiffs' Counsel's argument (ECF 65 at pp. 24-27), the proposed settlement is a coupon settlement pursuant to 28 U.S.C. § 1712, and is fundamentally unfair to the class members, as the class members will receive no cash settlement; the vast majority of class members will receive no benefit at all, or a benefit of indeterminate value; whereas the lead plaintiffs and class counsel will be handsomely rewarded with cash.

I am a member of the proposed settlement class, having purchased a Nectar Premier Hybrid Mattress (Order No. N-13537488) on or about March 24, 2023.

Like many consumers, the purchase of a mattress, or of other home furnishings contemplated in the settlement, is a durable purchase, not repeated often, and not necessarily made every year. To assume that class members will need or want to purchase home furnishings within 365 days of receiving a settlement coupon is an unwarranted assumption, and not supported by any evidence.

For the settlement to have any value, an individual class member would either have to be "in the market" for the purchase of home furnishings within one year of receiving the coupon, or, since the coupons are transferrable, find someone to whom to sell the coupon within a year, presumably at a discount.

Evaluating the value of the coupons in advance of settlement is made more difficult, if not impossible, given that the value of each class member's coupon will not be determined in advance, and will depend solely on how many members elect to redeem their coupons. The

Honorable William M. Conley
July 10, 2026
Page 2

fewer class members who participate by redeeming coupons, the more value each coupon will have, and will afford a class member the opportunity to purchase a larger-ticket item, to go less out-of-pocket on a larger value item, or to sell the coupon for more money. Conversely, the more class members participate, the lower the value of the coupon, either by way of redemption, or sale on the secondary market.

The proposed settlement provides no such contingency for lead plaintiffs and counsel. They will know, to the penny, and at the time the settlement is approved, how much of a windfall they will receive. Thus, while lead plaintiffs and class counsel can opine, now, that the settlement is fair to them, the typical class member is without the ability to do so.

This is not how 28 U.S.C. § 1712 is supposed to work. Since under the instant proposed settlement, the only benefit to the class members is the coupon (Plaintiffs' brief in support of the settlement makes no mention of equitable or injunctive relief), the Court, before approving the attorneys' fees, must consider the value of the settlement based on the coupons that are redeemed, which by definition, is unknowable at the time of settlement approval. The settlement may contemplate $6 million worth of coupons that do not revert to the defendants, but there is no mechanism to ensure the delivery of $6 million worth of value to the class members. As set forth above, the value of the coupon to each individual class member will not be capable of calculation prior to the approval of the settlement.

Plaintiffs' counsel's argument that this does not constitute a "coupon settlement" pursuant to 28 U.S.C. § 1712 is preposterous. Counsels' attempt to distinguish between a coupon and voucher is contrary to Seventh Circuit precedent, *see Redman v. Radio Shack Corp.*, 768 F.3d 622, 635 (7th Cir. 2014) ("the idea that a coupon is not a coupon if it could ever be used to buy an entire product doesn't make any sense"), and is especially inapt here, where there is no way to tell how much each "voucher" will be worth prior to settlement. In other words, counsel has no way of knowing in advance whether their argument that the voucher can be used to purchase an entire product is even true before we know how among how many class members the settlement amount is to be divided.

Moreover, counsels' argument that the settlement does not compel the class members to continue to do business with the defendants is not persuasive, since anyone redeeming a coupon would either have to purchase an additional product from the defendant, or find someone else who wishes to do so and is willing to purchase the coupon in the secondary market – an effort which seems inordinate given the expected value of the coupon.

And, as the court in *Radio Shack* noted, 768 F.3d at 630, the time period to redeem the coupon is a short one. (*Radio Shack* involved coupons for electronics and had a six month window; this case involves more durable home furnishings and has a one year deadline, similarly unreasonable given the nature of the products).

Finally, with respect to lead plaintiff fees and counsel fees, the amount appears excessive for a case involving no cash distribution to the class members. I note that the attorneys are being paid in cash for a "no cash" settlement, and am skeptical as to whether they would be so eager to

Honorable William M. Conley
July 10, 2026
Page 3

settle on these terms if they were compelled to accept "in kind" payment, say, for example, the refurnishing of their offices, as part or all of their compensation.

A review of the docket similarly does not warrant such a large fee based on lodestar. The docket indicates that, in the approximately two years since commencement, there has been (i) a complaint; (ii) a motion to dismiss; (iii) discovery notices; (iv) a motion to compel discovery; and (v) an amended complaint (presumably based on materials that were obtained in discovery). It also appears that there have been formal responses to document requests and interrogatories and at least some production of documents, but no depositions, no medical examinations, and no exchange of expert discovery.

This does not appear to be a lot of activity for a case which class counsel describes as being aggressively litigated. Moreover, the bulk of the costs associated with discovery – depositions and expert discovery – does not appear to have taken place. As such, even considering the number of attorneys involved, a $3 million fee seems excessive.

Had the class recovered $6 million of actual value, a $3 million contingent fee would likely be appropriate. Here, however, the value to the class is unknown and unknowable, and an analysis under 28 U.S.C. § 1712 would seem to warrant either a smaller fee, or that the fee be held in abeyance until we know the value of the redeemed coupons.

With respect to the lead plaintiffs, as set forth above, it appears from the docket that no depositions were taken and no medical exams conducted. A large cash payment for lending their names to this lawsuit and perhaps offering up their mattresses for inspection pre-litigation similarly seems excessive in light of the fact that the class members are receiving zero cash. In light of the circumstances, I would respectfully submit that no more than a nominal cash payment to the lead plaintiffs would be appropriate.

I thank the Court for its consideration of this objection. I regret that I cannot attend the fairness hearing in person, but the cost of travel, weighed against the zero value of the settlement, cannot justify my in-person attendance.

Respectfully submitted,

David Sack

Honorable William M. Conley
July 10, 2026
Page 4

cc:     D.G. Pantazis, Jr., Esq.
        Wiggins Childs Pantazis Fisher Goldfarb LLC
        The Kress Building
        301 19th Street North
        Birmingham, Alabama 35203

        Edward C. Barnidge, Esq.
        Teresa M. Wogoman
        Williams & Connolly, LLP
        680 Maine Avenue, S.W.
        Washington, DC 20024

        Settlement Administrator
        *Todd v. Ahsley Furniture Industries, LLC*
        P.O. Box 5735
        Portland, Oregon 97228-5735