**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

Jamie Todd, et al.,

    *Plaintiffs*,

    v.

Ashley Furniture Industries, LLC, et al.,

    *Defendants*.

Case No. 3:24-cv-615-wmc

**PLAINTIFFS' MOTION TO ADD CLASS REPRESENTATIVE**

On March 19, 2026, the Court issued its Preliminary Approval Order (Doc. 70) to the Settlement reached between the Plaintiffs and Defendants in this matter. The Order also provisionally certified a Class for the purposes of Settlement under Fed. R. Civ. P. 23(f). Class Counsel now provides this notice to the Court that another Named Plaintiff in a separate pending matter, involving the same claims against the same Defendant, is also deserving of being appointed a Class Representative. Adam Aldrich served as the lead Plaintiff in *Aldrich v. Resident Home, LLC*, No. 5: 25-cv-01791 (C.D. Cal.) in which he pursued consumer protection claims due to Nectar-brand mattresses containing fiberglass. The case was stayed pending the resolution of this first-filed litigation, however his filing provided value in the furtherance of the resolution and Settlement of this matter. Accordingly, Plaintiffs, via Class Counsel, seek to add Mr. Aldrich as an additional Class Representative in this matter.

**I.    The Addition of the Class Representative is Appropriate**

Under Rule 23, the Court's class certification order may be amended at any time prior to a decision on the merits. Fed. R. Civ. P. 23(c)(1). Amending an order to add class representatives is, therefore, authorized by Rule 23(c)(1). *See, Robinson v Sheriff of Cook County*, 167 F.3d 1155, 1158 (7th Cir. 1999).

Here, the Class has been provisionally certified, and the Plaintiffs wish to add an additional Class Representative due to his efforts in furtherance of this resolution, which will not affect the rights of the Class nor any unnamed class members.  Therefore, the addition is appropriate if Mr. Aldrich otherwise meets the qualification of a class representative.

**II.      Adam Aldrich is Qualified to be Appointed as a Class Representative**

As noted above, on March 19, 2026, a Class was provisionally certified in this case.  The Certified Class was defined as follows:

> [A]ll individual end consumers who purchased an Affected Mattress in the United States from October 1, 2017, to June 30, 2024, which was designed, manufactured, produced, distributed, sold, or marketed by Defendants and contained fiberglass as a fire-retardant material in the inner sock of the mattress.

Doc. 70, at 1-2.  The Court also appointed each Named Plaintiff in this action as a class representative for settlement purposes only.  Doc. 70, at 7.

Mr. Aldrich is similarly situated to the Class Representatives appointed in this action.  He purchased an affected mattress from Nectar in March of 2022 and was exposed to fiberglass particles escaping from the mattress into his home.  In May of 2025, Mr. Aldrich filed his lawsuit against the manufacturer, Resident Home, one of the Defendants participating in the Settlement of this case.

Like the other members in this class, Mr. Aldrich purchased an affected mattress and experienced similar issues.  Mr. Aldrich is familiar with allegations in his own lawsuit, and the present.  His prosecution of his own action ultimately provided additional leverage as a California and nationwide representative to reach a viable resolution in this matter.  Thus, Mr. Aldrich meets the requirements of a class representative contained in Fed. R. Civ. P. 23(a).

2

### 1.    Typicality is Satisfied

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  Here, Mr. Aldrich has asserted claims that are typical of those of the class (i.e. that the fiberglass materials in the mattresses were violative of consumer protection laws).  He, along with all class members, were individual end use consumers who purchased the affected mattresses.  In sum, all of the class members, including Mr. Aldrich, assert identical claims.

### 2.    Adequacy of Representation is Satisfied

The proposed Class Representative and Class Counsel must "fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4).  This requirement serves to uncover any conflicts of interest between the potential class representatives and those they seek to represent.  *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 626 and fn. 20 (1997).  Here, this requirement is met.

Mr. Aldrich has been involved in his own class action lawsuit involving similar claims against the same Defendant since May of 2025.  He has lent his name to the lawsuit, kept informed of the issues, approved filings, preserved documents, preserved, maintained, and examined his mattress for the purposes of discovery and litigation, and conveyed a willingness and ability to protect the interest of the class at all times.  See **Exhibit 1**, Declaration of Adam Aldrich.  Mr. Aldrich is a more than adequate representative.

### 3.    Notice Need Not Be Re-Issued

At this stage in the Settlement process, it is important to highlight that addition of a new Class Representative does not require additional Notice.  This request is made prior to the opt-out and objection deadline.  Most importantly, the request does not diminish the substantive rights nor

3

relief provided to absent class members; the Settlement Agreement and terms proposed in the Motion for Preliminary Approval Order have not changed.

This additional request does not diminish the terms of the Settlement to unnamed Class Members and thus no new notice under Rule 23 is required if this request is approved. *See, e.g.*, *Vought v. Bank of Am., N.A.*, 2013 U.S. Dist. LEXIS 9347, \*17 ("[T]he Court concludes that this enhancement of the settlement does not require new notice to be issued[.]"); *Chavez v. Netflix, Inc.*, 162 Cal.App.4th 43, 56, 75 Cal. Rptr. 3d 413 (Cal. App. 2008) ("We are satisfied that these changes improved the settlement, and that no notice of them was therefore required.") (citing *In re Integra Realty Resources, Inc.*, 262 F.3d 1089, 1111 (10th Cir.2001) (no notice required of change expanding rights of class members); *Denney v. Deutsche Bank AG*, 443 F.3d 253, 271 (2d Cir. 2006) (an additional opt-out period is not required with every shift in the marginal attractiveness of the settlement).

### III.     Adam Aldrich is Eligible for a Case Contribution Award

Should the Court grant the request to add Mr. Aldrich as a Class Representative, Class Counsel also requests that he be eligible to receive a case contribution award similar to the requests already made for the more recently added Class Representatives in this action.  Mr. Aldrich lent his name to a class action seeking similar redress to the Class Representatives here; he also provided value, time, and resources to the prosecution of a similar action.

In particular, Mr. Aldrich submits he performed the following work in the prosecution of his case:

3.     In bringing my case, I worked with my counsel to approve the complaint and details therein.   I have stayed in constant communication with them, including discussing options after my case was stayed.

4.      As a participating class member, if the Settlement here receives final approval, I plan to dismiss my pending lawsuit.

See **Exhibit 1**, Declaration of Adam Aldrich. This work has been confirmed by his counsel who also supports his request. Accordingly, Class Counsel requests that the Court authorize a case contribution award equaling $1,315.79, to be paid out of the $85,000 case contribution pool (if remainders exist) or the non-reverting $3 Million Fund.

## IV.    CONCLUSION

**WHEREFORE**, Class Counsel respectfully requests that the Court appoint Mr. Aldrich as a Class Representative and authorize a case contribution award equaling $1,315.79.

Respectfully submitted,

*/s/ D. G. Pantazis, Jr.*
D. G. Pantazis, Jr.
Brian M. Clark
Eric Sheffer
WIGGINS CHILDS PANTAZIS
FISHER GOLDFARB LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
T:  (205) 314-0557
F:  (205) 314-0757
dgpjr@wigginschilds.com
bclark@wigginschilds.com
esheffer@wigginschilds.com

Daniel B. Snyder, Wis # 1037585
Gregory A. Cade
Kevin B. McKie
Gary Anderson
Jordan Andrews Cade
ENVIRONMENTAL LITIGATION GROUP, P.C.
2160 Highland Ave. S.
Birmingham, AL 35205
T: (205) 328-9200
F: (205) 328-9456
GregC@elglaw.com
kmckie@elglaw.com
Gary@elglaw.com
jordan@elglaw.com
Christopher Cueto, IL #6192248
James E. Radcliffe, IL #6330315
LAW OFFICE OF CHRISTOPHER CUETO, LTD.
7110 West Main Street
Belleville, IL 62223
ccueto@cuetolaw.com
jradcliffe@cuetolaw.com

Lloyd M. Cueto, IL #6292629
Law Office of Lloyd M. Cueto, P.C.
7110 West Main Street
Belleville, IL 62223
cuetolm@cuetolaw.com

**_Attorneys for Plaintiffs_**

6

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will serve a Notice of Electronic Filing generated by CM/ECF on all counsel of record.

> Matthew Splitek (WI Bar No. 1045592)
> QUARLES & BRADY LLP
> 33 E. Main Street, Suite 900
> Madison, WI 53703
> (608) 283-2454
> matthew.splitek@quarles.com
>
> Edward C. Barnidge (pro hac vice)
> Teresa M. Wogoman (pro hac vice)
> Ikenna N. Ugboaja (pro hac vice)
> WILLIAMS & CONNOLLY, LLP
> 680 Maine Avenue S.W.
> Washington, DC 20024
> (202) 434-5000
> ebarnidge@wc.com
> twogoman@wc.com
> iugboaja@wc.com
>
> *Attorneys for Defendants*

*D. G. Pantazis, Jr.*
Of Counsel

7