**Shontaria Marlow**
P.O. Box 5121
Pasadena, CA 91107
248-792-8773



July 14, 2026

The Honorable William M. Conley
United States District Court
Western District of Wisconsin
120 North Henry Street, Room 320, Madison, WI 53703

**Re: Objection to Proposed Class Action Settlement — Todd v. Ashley Furniture Industries, LLC, Case No. 3:24-cv-00615**

Dear Judge Conley:

I am writing to formally object to the proposed settlement in the above-referenced class action lawsuit. I am a member of the Settlement Class, having purchased an Affected Mattress — a Nectar mattress-in-a-box, purchased in 2020 from Ashley's Furniture — that is subject to this litigation.

## Basis for Objection

I have been a client of Environmental Litigation Group, P.C. in connection with this matter for over six years. Throughout that time, I was led to expect that this litigation would result in fair, meaningful monetary compensation for class members who, like myself, purchased mattresses containing fiberglass fire retardant. The settlement now before the Court does not deliver on that expectation, and I object on the following specific grounds:

1. Inadequate and illusory relief. The settlement provides class members only a store voucher redeemable exclusively at Defendants' own retail websites (AshleyFurniture.com, NectarSleep.com, DreamCloudSleep.com, or SienaSleep.com), rather than cash compensation. This relief has no value to class members, such as myself, who have no need or desire to purchase additional furniture or bedding from these companies. A settlement that requires the injured party to spend more money with the very company that caused the harm, in order to realize any benefit at all, is not a meaningful remedy.

2. Disparity between class recovery and attorneys' fees. I understand that class counsel may seek an award of attorneys' fees and costs of up to $3,000,000 from the settlement fund, to be paid in cash, while class members receive only pro rata vouchers of uncertain and likely modest value. It is fundamentally unfair for the attorneys who litigated this case for years to be compensated in cash while the class members they represent — the actual injured consumers — receive only credit toward further purchases from the defendant companies.

3. Vouchers do not compensate for the alleged harm. The litigation was premised on allegations that fiberglass fire retardant could escape affected mattresses and cause property damage and physical harm to consumers. A voucher good only for a future purchase of the same defendants' products does nothing to compensate class members for costs already incurred — such as cleanup, replacement of contaminated household items, or health-related expenses — nor does it reflect the seriousness of the alleged harm.

4. Reversionary structure favors Defendants. Because the voucher fund's per-claim value depends on the total number of valid claims submitted, and unclaimed or unused value effectively benefits Defendants rather than the class, the structure of the settlement creates an incentive for low claims participation, which is contrary to the interests of the class.

## Scope of Objection

This objection applies to the entire Settlement Class, as I believe the voucher-only structure of the settlement fails to adequately compensate any class member, not only myself.

## Representation and Appearance

I am not currently represented by separate counsel for purposes of this objection, though I am actively exploring representation options and reserve the right to supplement this objection or appear through counsel prior to the Final Approval Hearing. I do intend to appear at the Final Approval Hearing scheduled for September 24, 2026.

I respectfully request that the Court deny final approval of the settlement in its current form, or, in the alternative, require Defendants to provide meaningful cash compensation to class members in lieu of, or in addition to, store vouchers.

Thank you for your consideration of this objection.

Respectfully submitted,

Shontaria Marlow

cc:
Settlement Administrator — Todd v. Ashley Furniture Industries, LLC
P.O. Box 5735, Portland, OR 97228-5735
Class Counsel of record
Environmental Litigation Group, P.C.