# Class Member Objection to Proposed Settlement

**Christopher Elliott**
4524 SW 99th Avenue
Beaverton, OR 97005
Phone: (503) 660-6987
Email: christopher.elliottt@gmail.com

July 7, 2026

FILED/REC'D
2026 JUL 20 P 1:13
CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

Clerk of Court
U.S. District Court
Western District of Wisconsin
120 N. Henry Street
Madison, WI 53703

**Re: Todd v. Ashley Furniture Industries, LLC**
**Case No. 3:24-cv-00615**

To the Honorable Court:

I am a member of the Settlement Class in Todd v. Ashley Furniture Industries, LLC and respectfully submit this formal objection to the proposed settlement. I purchased a Nectar mattress that is included in this litigation. I object because the proposed settlement primarily provides vouchers instead of meaningful cash compensation for consumers who suffered financial losses and significant hardship. My family's experience is the primary reason for my objection. While my son was an infant, he was exposed to fiberglass released from the Nectar mattress. He developed severe rashes covering his face, around his mouth and nose, throughout his scalp, and across much of his body. His condition became so severe that he was hospitalized on two separate occasions. For approximately three months, our family endured countless sleepless nights trying to comfort him. We spent hours soaking him in the bathtub in an attempt to relieve his pain and irritation. He cried constantly because he was in so much discomfort. He also suffered significant eye irritation and painful skin irritation. We sought treatment from multiple doctors, yet no one could determine why he was experiencing these symptoms. Watching our infant suffer while having no answers was one of the most traumatic experiences our family has ever endured. To this day, I remain deeply concerned about the long-term health effects my son may face from being exposed to fiberglass at such a young age. These concerns are not addressed by the proposed settlement. After contacting Environmental Litigation Group, I understood that if I purchased a replacement mattress, I would be reimbursed for both my original Nectar mattress and the replacement purchase. Relying on that understanding, I purchased a DreamCloud mattress for approximately $3,000 to protect my family. I have now learned that the proposed settlement would provide only vouchers instead of reimbursing these out-of-pocket expenses. I believe this is fundamentally unfair. I respectfully request that the Court deny approval of the proposed settlement unless it is modified to provide meaningful cash compensation, including reimbursement for replacement mattresses and a fair process for compensating class members who experienced physical injuries and significant hardship. I am not represented by an attorney, do not intend to appear at the Final Approval Hearing, and to the best of my knowledge have not submitted objections to class action settlements within the past five years. Respectfully submitted,

Christopher Elliott
Signature